# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-2727

ALANNA SCHWARTZ,

*Plaintiff-Appellant,*

*v.*

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 04 C 2377—**Amy J. St. Eve**, *Judge.*

ARGUED MAY 3, 2006—DECIDED JUNE 13, 2006

Before FLAUM, *Chief Judge*, and EVANS and WILLIAMS, *Circuit Judges*.

EVANS, *Circuit Judge.* Alanna Schwartz sought long-term disability benefits under an employee welfare benefit plan maintained by her former employer, the Chicago law firm of Sachnoff & Weaver, Ltd. Schwartz, who was a legal secretary at the firm from 1998 until 2001, filed a claim for benefits in 2002. Prudential Insurance Company of America, the underwriter of the Sachnoff & Weaver plan, denied the claim, and Schwartz filed a complaint contesting that decision in federal court pursuant to the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1132 *et*

*seq*.). The district court granted summary judgment to Prudential.

The only issue requiring our attention is a determination of the standard of review the district court should have applied in reviewing Prudential's decision to deny benefits. United States District Judge Amy J. St. Eve applied the arbitrary and capricious standard, a standard Prudential argues is the right one. Schwartz, on the other hand, contends that the judge's review should have been *de novo*, i.e., without deference.

Almost two decades ago, in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), the Supreme Court established that a denial of benefits is to be reviewed under the *de novo* standard unless the plan gives the administrator (or fiduciary) discretion to determine benefits and to construe the terms of the plan. If discretion exists, court review is under the deferential arbitrary and capricious standard. *Firestone* did not answer all the questions litigants could raise, however. It did not establish what language in a plan is sufficient to confer discretion—a question we have visited many times. Notably, in *Herzberger v. Standard Insurance Co.*, 205 F.3d 327, 329 (7th Cir. 2000), we pointed out that many of our cases refuse to find discretion based on language to the effect that the plan administrator will pay benefits when satisfactory proof shows the applicant is entitled to them. But we indicated that some of our cases "come close" to saying this language is sufficient to confer discretion. Hoping to put an end to the confusion, we suggested, but did not require, plan language which would make clear that the administrator has discretion: "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." At 331.

Quite naturally, *Herzberger* did not put an end to the confusion either. And, as this case shows, we may be

forgiven if we despair of ever having the matter settled. Schwartz's case ran not quite in tandem with another case—*Diaz v. Prudential Insurance Co. of America*; *Diaz* involved the same defendant as here and, more importantly, the same plan language. Both plans say, "We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor." The district court in *Diaz*, 2004 WL 1094441 (N.D. Ill. 2004), found the language sufficient to confer discretion. In the present case, although Judge St. Eve's thorough analysis of the claim flirted with *de novo* review, she agreed that the plan granted discretion to Prudential and thus the appropriate standard was arbitrary and capricious. Then, when *Diaz* reached us, we disagreed, saying there was no discretion and review should be *de novo*. *Diaz v. Prudential Ins. Co. of America*, 424 F.3d 635 (2005). Now, despite *Diaz*, we are being asked to find that Prudential has discretion—based on the summary plan description.

At the risk of being flippant, we might ask what part of "no" doesn't Prudential understand? We acknowledge, though, that perhaps a fairer question, given our cases on this point,[1] is what part of "probably not" doesn't it understand. We take this opportunity to reaffirm that the

---

[1] We acknowledge contributing to some of the confusion that exists regarding the proper standard of review. In *Diaz*, we wrote, "Although we did not circulate *Herzberger* to the full court under Circuit Rule 40(e) . . . ." 424 F.3d at 639. We made this statement despite saying in *Herzberger*:

> We write today to clarify our position and reduce the tension. Because we are endeavoring to state a general rule with which aspects of some of our decisions may be inconsistent, we circulated this opinion in advance of publication to all the judges of the court in regular active service, pursuant to 7th Cir. R. 40(e); none voted to hear the case en banc.

205 F.3d at 330.

language in this plan is not sufficient to confer discretion on Prudential.

The language in the summary plan description (SPD), however, does say that Prudential has discretion in granting benefits. The SPD and the plan itself, then, are in conflict. In this situation, which controls? Had Schwartz relied to her detriment on the SPD, it would have controlled. The situation is otherwise, however, when the SPD, as here, says the administrator has rights, which the plan itself does not confer. As we said in *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 711 (7th Cir. 1999):

> When, however, the plan and the summary plan description conflict, the former governs, being more complete—the original, as it were, which the summary plan description excerpts and translates into language that may be imprecise because it is designed to be intelligible to lay persons—unless the plan participant or beneficiary has reasonably relied on the summary plan description to his detriment.

After all, ambiguities in insurance policies are construed against the insurer. *See*, *e.g.*, *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652 (7th Cir. 2005).

In *Shaw v. Connecticut General Life Ins. Co.*, 353 F.3d 1276 (11th Cir. 2003), the Court of Appeals for the Eleventh Circuit faced precisely the same question as we do: the SPD granted discretion; the plan did not. The court relied on a provision in the policy which stated that no change in the contract would be valid unless it was approved by the insurance company and evidenced by an endorsement or amendment to the contract, signed by both the employer and the insurance company. There was no amendment (that's not what the SPD was), so *de novo* review was appropriate. Similarly, in *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154 (9th Cir. 2001), the court held

that a grant of discretionary authority in the benefit summary was not valid. First, the policy between the employer and the insurance company purported to be fully integrated. Secondly, although there was a provision for amendment of the contract, changes were required to be made through riders or amendments, and language conferring discretion did not appear in any such rider or amendment. In contrast, though without much discussion, the Court of Appeals for the Second Circuit in *Murphy v. International Business Machines Corp.*, 23 F.3d 719 (1994), found discretion in the employee information package and plan summary. We, of course, have no way to know exactly what was contained in the package. And in any event, we find the reasoning of the Ninth and Eleventh Circuits persuasive and in keeping with our prior precedent.

The Prudential Plan provides that an employer may apply for a change in the plan but that Prudential must approve the application. We have not been informed of any changes to the plan, and surely we would have been had language conferring discretion been the subject of an amendment.

The SPD is a document which the administrator must provide to participants pursuant to 29 U.S.C. §§ 1022 and 1024. It is not the subject of negotiation. Information in the SPD must be provided in a manner "calculated to be understood by the average participant." § 1022. Without casting aspersions on Prudential, we note that the implication of § 1022 is that the SPD will be an accurate summary, not an unnegotiated enlargement of the administrator's authority. Were we to say the SPD controlled in this situation, we would be—to use an apropos cliché—allowing the tail to wag the dog. Accordingly, we VACATE the decision of the district court and REMAND the claim for the district court's *de novo* consideration of whether Prudential acted appropriately when it denied Ms. Schwartz's claim. On that point, of course, we express no opinion. Each side shall bear its own costs.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*