In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1331

LAURA STEELE,

*Plaintiff-Appellant,*

*v.*

LIFE INSURANCE COMPANY OF NORTH AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04 C 2260—**Michael P. McCuskey**, *Chief Judge.*

ARGUED JANUARY 10, 2007—DECIDED NOVEMBER 7, 2007

Before POSNER, MANION, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* William Steele died after crash-
ing his car while under the influence of alcohol. His widow,
Laura Steele, filed a claim for benefits with Life Insurance
Company of North America ("LINA"), the underwriter
of William's accidental death and dismemberment policy.
LINA denied the claim because William's death resulted
from his commission of a felony, which is a class of con-
duct the insurance policy excludes from coverage. Litiga-
tion ensued. The district court granted LINA's motion
for summary judgment, and Mrs. Steele appealed.

We affirm. William's fatal drunk-driving accident was
his third driving-under-the-influence ("DUI") offense,

and Illinois punishes third-offense DUI as a felony. Mrs. Steele argues that a third episode of drunk driving becomes a felony only upon *conviction*. But a conviction is not a prerequisite for the policy's felony exclusion to apply. William's conduct was punishable as a felony and resulted in his death, which is the loss for which coverage is claimed; that is all the felony exclusion requires.

## I. Background

William Steele worked for CSX Corporation as a railroad maintenance worker up until his death. CSX offered its employees enrollment in the "CSX Corporation Optional Personal Accident Insurance Plan," made available through a Group Accident Policy issued to CSX by CIGNA Corporation and underwritten by LINA. In October 2000 William enrolled in the policy and paid 100% of the premiums through payroll deductions. The policy provided a death benefit of $500,000, which William's wife, Laura Steele, would receive in the event of his "accidental death." The policy stated:

> We agree to insure those Eligible Person [sic] who are within the covered classes listed in the Organization's application (each herein called the Insured) for whom the required premium is paid and an application made. We will insure the dependent(s) of an Insured provided the correct premium is paid and the eligibility requirements are met. We agree to pay benefits for loss from bodily injuries:
>
> > (a) caused by an accident which happens while an insured is covered by this policy; and
> >
> > (b) which, directly and from no other causes, result in a covered loss. (See the Description of Coverage.)

We will not pay benefits if the loss was caused by:

(a) sickness, disease, or bodily infirmity; or

(b) any of the Exclusions listed on page 2.

One of the listed exclusions states: "No benefits will be paid for loss resulting from: . . . commission of a felony by the Insured."

In November 2002 the Steeles attended a wedding reception in Georgetown, Illinois. William consumed too much alcohol and then got into his car to drive home. While he was en route, a Vermillion County Sheriff's Deputy pursued his vehicle for speeding. William sped up in an effort to evade the police and struck the rear of a pick-up truck. He was taken to the hospital and died shortly thereafter. Both the police and toxicology reports pertaining to the accident indicate William's blood-alcohol level was .255 (more than three times the legal limit), and Mrs. Steele does not dispute that her husband was legally intoxicated. This was not William's first episode of driving while under the influence of alcohol; he previously was convicted of two misdemeanor DUI offenses, one in Tennessee and one in Indiana.

In January 2003 Mrs. Steele filed a claim with LINA for benefits under William's accident policy. LINA denied her claim based on the policy's felony exclusion, stating that "Mr. Steele was committing a felony at the time of his death, namely driving while intoxicated, while on a suspended license with two prior DUI's. His driving while intoxicated, coupled with driving at a high rate of speed in order to avoid police intervention, resulted in the accident that caused his death." Under Illinois law, first and second DUI offenses are misdemeanors, but a third such offense is a felony.

Mrs. Steele sought review of the denial of her claim pursuant to procedures set forth in the policy. When LINA

affirmed its denial, she filed suit in state court. LINA removed the case to federal court based on both diversity and federal question jurisdiction (the latter on the theory that the policy was an Employee Retirement Income Security Act ("ERISA") plan). The district court concluded the policy was indeed an ERISA plan and granted LINA's motion for summary judgment, holding that LINA's denial of benefits was neither arbitrary nor capricious. The court noted, however, that had it reviewed LINA's denial of benefits de novo, it would have reached the same conclusion. Mrs. Steele appealed.

## II. Analysis

We review the district court's grant of summary judgment de novo, "construing all facts, and drawing all reasonable inferences from those facts" in favor of Steele. *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 326 (7th Cir. 2002). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

We initially address the district court's conclusion that the LINA policy was an ERISA plan. For purposes of judicial review, two consequences flow from this conclusion. First, a plaintiff seeking benefits under an ERISA plan can avail himself of the federal courts based on federal-question jurisdiction. *See* 28 U.S.C. § 1331; 29 U.S.C. § 1132(a)(1)(B) (ERISA civil enforcement provision); *Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 510 (7th Cir. 1989). Second, a decision denying benefits under an ERISA plan may be reviewed under a highly deferential "arbitrary and capricious" standard—so long as the plan confers discretionary power

on the plan administrator and provides adequate notice to employees "that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary." *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 332 (7th Cir. 2000); *see Wilczynski v. Kemper Nat'l Ins. Cos.*, 178 F.3d 933, 934 (7th Cir. 1999).

We need not decide whether the LINA policy is governed by ERISA because it is ultimately irrelevant to the outcome of this case. There is an alterative basis for jurisdiction given that the parties are diverse. 28 U.S.C. § 1332. And LINA does not attempt to take advantage of the arbitrary-and-capricious standard of review. At oral argument LINA's counsel said de novo review applies, a concession presumably prompted by our holding in *Schwartz v. Prudential Insurance Co. of America*, 450 F.3d 697, 698 (7th Cir. 2006) (de novo review applies when discretion-granting language is set forth in a summary plan description but not in the group insurance policy). So whether we treat this as a federal-question ERISA matter or a contract case grounded in diversity is irrelevant; we are satisfied there is jurisdiction, and we apply de novo review to LINA's denial of benefits.

We thus proceed as though this is a state-law insurance coverage dispute.[1] The policy's relevant exclusion language states: "No benefits will be paid for loss resulting from: . . . commission of a felony by the Insured." Under Illinois law, which the parties agree controls our interpretation of the policy's felony exclusion, a driver's first and second DUI offenses are misdemeanors, 625 ILL. COMP. STAT. 5/11-501(b-2) (2002), but the third is a

---

[1] If we were interpreting an ERISA plan, we would apply the federal common-law rules of contract interpretation. *Ruttenberg v. U.S. Life Ins. Co. of N.Y.*, 413 F.3d 652, 659 (7th Cir. 2005). The result is the same under either body of law.

felony, *id.* 5/11-501(d)(1)(A). Specifically, the DUI statute states that "[e]xcept as provided under paragraphs (c-3), (c-4), and (d) of this Section, every person convicted of violating this Section . . . shall be guilty of a Class A misdemeanor." 5/11-501(c). Paragraph (d) states that "[e]very person convicted of committing a violation of this Section shall be guilty of *aggravated* driving under the influence of alcohol . . . if: (A) the person committed a violation of this Section, or a similar provision of a law of another state . . . when the cause of action is the same as or substantially similar to this Section, for a third or subsequent time." (Emphasis added.) Aggravated driving under the influence of alcohol is a Class 4 felony. 5/11-501(d).

Mrs. Steele argues that because her husband was not *convicted* of a third DUI, the policy exclusion is inapplicable. She focuses on the language of the penalty enhancement in paragraph (d), which states that "[e]very person *convicted* of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol," which is a felony. (Emphasis added.) To support her position, she submitted an affidavit from an Illinois prosecutor saying he would not have charged William with a felony.

It goes without saying that for criminal *punishment* to result—of either the misdemeanor or felony level of severity—a conviction is a prerequisite. But Mrs. Steele's emphasis on the absence of a conviction is misplaced. Under Illinois law, "[t]he term 'felony' denotes an action that renders one liable to a certain amount of punishment. . . . Illinois does not define 'felony' with any reference to whether there has been a 'conviction.' " *Berg v. Bd. of Trs., Local 705 Int'l Bhd. of Teamsters Health & Welfare Fund*, 725 F.2d 68, 70 (7th Cir. 1984) (interpreting insurance coverage exclusion for "the commission of a felony" under Illinois law). *Berg* involved an injury bene-

fits claim (not a death benefits claim, as here), but the opinion posed a hypothetical that mirrors the facts of this case: We noted that an insured who dies while committing a felony has *committed* a felony as a factual matter but obviously cannot be prosecuted. If an insurance policy's felony exclusion were interpreted to require a conviction, it would not apply in this situation—not because the insured did not commit a felony but because it is impossible to prosecute a dead man. *Id.* We concluded in *Berg* that "[a] 'felony' occurs upon commission of the proscribed acts regardless of whether there later is a successful prosecution." *Id.*

Mrs. Steele's reliance on the prosecutor's affidavit is also misplaced. Whether a prosecutor would charge or seek to convict William of a felony is not relevant; William's death occurred during his commission of an act that is punishable as a felony, which is all the policy exclusion requires. Moreover, insurers "should not be dependent upon the state's decision to prosecute" in enforcing their policy language excluding claims arising out of the criminal conduct of their insureds. *Id.* at 70. The interpretation urged by Mrs. Steele would mean that conduct punishable as a felony would not come within the felony exclusion if a prosecutor struck a deal to reduce the felony offense to a misdemeanor. But a misdemeanor conviction based on a plea negotiation does not necessarily mean the defendant's conduct does not qualify as a felony. Plea bargaining sometimes proceeds from changed facts, but more often it rests on expedience. If the insured's conduct is punishable as a felony, the insured's commission of that conduct is enough to come within the language of the policy's felony exclusion regardless of whether a felony *conviction* is actually sought or obtained. *See Tourdot v. Rockford Health Plans, Inc.*, 439 F.3d 351, 354 (7th Cir. 2006) (that the insured was ticketed for a minor traffic offense instead of drunk driving does not take

his conduct outside the insurance policy's "illegal act" exclusion).

In an effort to distinguish this case from *Berg*, Mrs. Steele notes that the insured's conduct in *Berg*—constructing a pipe bomb—is always punishable as a felony, whereas the underlying act here, driving under the influence, is only a felony the third time it is committed. This argument misses the mark. Graduated sentencing schemes for repeat offenses are common; identical conduct is often classified and punished differently based on the offender's prior record. The exclusion in question focuses on how the insured's conduct is penalized, and Illinois has decided that a driver's third DUI is punishable as a felony. That like conduct by a first-time offender would be punishable as a misdemeanor is irrelevant.

Finally, Mrs. Steele argues there is insufficient evidence to establish that driving under the influence caused William's death. She claims the medical records do not contain legible test results for his blood-alcohol level. However, the record contains a Laboratory-Toxicology report that states in legible print "Ethyl Alcohol 0.255," and Mrs. Steele nowhere denies or refutes that William's blood-alcohol level reached that level. She also argues William's death certificate does not indicate alcohol intoxication caused his death,[2] but this is unremarkable in the circumstances of this case. He did not die of alcohol poisoning or disease associated with alcohol abuse, he died in an automobile crash caused by his driving while intoxicated, and the evidence of his intoxication is unrefuted.

In *Sisters of the Third Order of St. Francis v. SwedishAmerican Group Health Benefit Trust*, 901 F.2d

---

[2] The certificate indicates that Mr. Steele died of "multiple blunt force trauma" due to an "auto vs. pick-up mishap."

1369 (7th Cir. 1990), the insured was driving under the influence and crashed into a tree. We held there was no genuine factual dispute that his injuries resulted from his drunk driving because no evidence was presented suggesting an alternative cause. *Id.* at 1371. The same is true here; no alternative explanation for William's fatal injuries has been suggested.

Because William's death resulted from his third-offense DUI, and because a third DUI is punishable as a felony under Illinois law, Mrs. Steele's claim for insurance benefits fell within the policy's felony exclusion. The district court's order granting summary judgment for LINA is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*