# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1933

———————

Eric S. Ringwald,                               *
                                                *
                    Appellant,                  *
                                                *   Appeal from the United States
        v.                                      *   District Court for the
                                                *   Eastern District of Missouri.
Prudential Insurance Company                    *
of America,                                     *
                                                *
                    Appellee.                   *

———————

Submitted: January 13, 2010
Filed:  June 21, 2010

———————

Before MURPHY and BYE, Circuit Judges, and STROM,[1] District Judge.

———————

BYE, Circuit Judge.

Eric Ringwald appeals an order granting summary judgment in favor of Prudential Insurance Company on Ringwald's claim for long-term disability benefits under a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461.  Reviewing Prudential's decision for an abuse of discretion, the district court upheld Prudential's denial of benefits.  Ringwald contends the district court should have reviewed Prudential's decision to deny benefits under

———————

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

a *de novo* standard of review because the plan did not grant Prudential discretionary authority to determine eligibility for benefits. We agree, and therefore reverse and remand for further proceedings.

I

Ringwald was employed by Harrah's Casino in the St. Louis area as a game table dealer. He was covered by an insurance policy (the plan) issued to Harrah's by Prudential which provided disability benefits. Prudential is both the insurer who pays claims as well as the claims administrator who makes eligibility decisions. The plan provides short-term disability benefits for twenty-four months if a plan participant is unable to perform the material and substantial duties of his or her regular occupation. Long-term disability benefits beyond the first twenty-four months are available when a participant is unable to perform the duties of any gainful occupation for which a participant might be fitted by education, training or experience.

On April 8, 2004, Ringwald became unable to work due to HIV, depression and fatigue. Harrah's terminated his employment on April 16, 2004. He later applied for and was eventually awarded short-term disability benefits for a period of twenty-four months from July 17, 2004, through July 16, 2006. Ringwald also made a claim for long-term disability benefits under the plan. Prudential denied the claim, relying upon a "mental illness" exclusion in the plan which placed a lifetime cap of twenty-four months on disability benefits due in whole or in part to a mental illness. Ringwald successfully pursued a claim of disability with the Social Security Administration, but the record does not indicate whether the social security disability determination was based upon Ringwald's depression, his HIV status, or a combination of both.[2]

---

[2]The plan permits Prudential to reduce the amount of disability benefits payable to a participant who receives benefits under the Social Security Act.

-2-

Ringwald appealed the denial of his claim for long-term disability benefits through the various administrative levels of review available to him under the plan. The administrative appeal focused on whether Ringwald could be considered disabled based solely on his physical condition (HIV), rather than in part on his mental illness (depression). Based upon its review of the medical records as well as the opinions from the various doctors involved, Prudential determined Ringwald's disability stemmed in part from mental illness and triggered the plan's lifetime cap on such disabilities. Prudential therefore denied the claim.

Ringwald brought an action in federal district court challenging Prudential's decision to deny long-term disability benefits. Prudential filed a motion for summary judgment. Prudential urged the district court to review its decision to deny benefits for an abuse of discretion because the Summary Plan Description (SPD) granted Prudential "as Claims Administrator . . . the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." Jt. Appx. at 67. See, e.g., Hackett v. Standard Ins. Co., 559 F.3d 825, 829 (8th Cir. 2009) (explaining that courts employ an abuse-of-discretion standard to review ERISA plan administrators' decisions when the plan grants discretionary authority to determine eligibility for benefits). In contrast, Ringwald argued a *de novo* standard of review should apply because the discretion-granting language only appeared in the SPD, not in the plan itself. See, e.g., Schwartz v. Prudential Ins. Co. of Am., 450 F.3d 697, 699-700 (7th Cir. 2006) (holding that a grant of discretion appearing in an SPD, when the plan itself is silent, is insufficient to trigger abuse-of-discretion review).

The district court reviewed Prudential's decision under an abuse-of-discretion standard, relying upon Eighth Circuit precedent indicating "SPDs are considered part of the ERISA plan documents." Jensen v. SIPCO, Inc., 38 F.3d 945, 949 (8th Cir. 1994). Under an abuse-of-discretion standard, the district court upheld Prudential's decision to deny long-term disability benefits. Ringwald filed a timely appeal. On

appeal, Ringwald challenges the district court's decision on a number of grounds. He renews his claim the district court should have reviewed Prudential's decision under a *de novo* standard of review rather than for an abuse of discretion.

II

"We review *de novo* the district court's summary judgment ruling and whether the district court applied the appropriate standard of review to the administrator's decision." Wakkinen v. UNUM Life Ins. Co. of Am., 531 F.3d 575, 580 (8th Cir. 2008) (internal citations omitted).

Our court recently decided Jobe v. Medical Life Insurance Co., which squarely addressed whether an SPD can grant a plan administrator discretion to determine eligibility for benefits when the plan itself does not. 598 F.3d 478, 481-86 (8th Cir. 2010). In line with other circuits, we held "a grant of discretion to the plan administrator, appearing only in a summary plan description, does not vest the administrator with discretion where the policy provides a mechanism for amendment and disclaims the power of the summary plan description to alter the plan." Id. at 484 (citing Schwartz, 450 F.3d at 699; Shaw v. Conn. Gen. Life Ins. Co., 353 F.3d 1276, 1283-83 (11th Cir. 2003); Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1161-62 (9th Cir. 2001)).[3] We emphasized that "ERISA requires every plan to

---

[3]While Schwartz, Shaw, and Grosz-Salomon directly address the situation where an SPD purportedly vests a plan administrator with discretion when the plan itself does not, other decisions have generally refused to give effect to language in an SPD which conflicts with the plan when it favors the plan administrator at the expense of plan beneficiaries. See Burke v. Kodak Ret. Income Plan, 336 F.3d 103, 113 (2d Cir. 2003) (placing the burden of inaccurate and conflicting SPDs on the employer when such conflicts prejudice the rights of plan participants); Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc., 293 F.3d 1139, 1144-45 (9th Cir. 2002) (holding that the provision more favorable to the employee controls when there is a conflict between the SPD and the plan); Chiles v. Ceridian Corp., 95 F.3d 1505, 1518-19 (10th

provide a procedure governing amendment of the plan." Id. at 485 (citing 29 U.S.C. § 1102(b)(3)). We indicated a purported grant of discretion appearing only in the SPD could not be viewed as a procedurally proper amendment of the policy:

> To hold that the summary plan description nonetheless granted the administrator discretion in this case would be to endorse the practice of issuing ERISA policies that are silent on key provisions and later issuing summary plan descriptions filling the gaps with terms favoring the employer. . . . [T]here would . . . be little need to follow formal amendment procedures if key terms could be changed by a summary plan description.

Id.

Jobe also harmonized its holding with prior Eighth Circuit cases, which held an SPD is part of the ERISA plan and generally followed the rule that an SPD prevails over a plan in case of a conflict between the two. See id. at 481-84. We explained the policy underlying the "SPD prevails" rule was ERISA's important goal of providing complete disclosure to plan participants, such that where disclosures made in an SPD pursuant to 29 U.S.C. § 1022(a)(1) – which must "be plainspoken for the benefit of average plan participants" – conflicted with "an obscure passage in a transactional document only lawyers will read and understand," the "accessible provisions [in the SPD] govern because adequate disclosure to employees is one of ERISA's major purposes." Id. at 483 (quoting Marolt v. Alliant Techsystems, Inc., 146 F.3d 617, 621 (8th Cir. 1998)). We further explained that ERISA's policy of full disclosure – inuring to the benefit of employees, not employers – would not be advanced by a blanket rule

---

Cir. 1996) (same); Hansen v. Cont'l Ins. Co., 940 F.2d 971, 981-82 (5th Cir. 1991) (same); Edwards v. State Farm Mut. Auto. Ins. Co., 851 F.2d 134, 136-37 (6th Cir. 1988) (same); McKnight v. S. Life & Health Ins. Co., 758 F.2d 1566, 1570-71 (11th Cir. 1985) (same).

indicating an SPD "prevails over the policy in all circumstances." Id. at 483. Indeed, we recognized such an approach "will often contradict the rationale supporting application of the rule in other contexts." Id. One context where the rationale behind the rule would be contradicted by a blanket "SPD prevails" rule, as other circuits have recognized, is the situation involved here and in Jobe, where the SPD purports to *enlarge* the rights of the plan administrator at the expense of plan participants when the plan itself does not confer those rights. See, e.g., Schwartz, 450 F.3d at 699, 700 ("The situation is otherwise . . . when the SPD, as here, says the administrator has rights, which the plan itself does not confer. . . . [T]he SPD [must] be an accurate summary [of the plan], not an unnegotiated enlargement of the administrator's authority.").

Here, there are no terms in the plan which allow it to be amended by inserting into the SPD such critical provisions as the administrator's discretionary authority to interpret the plan or to determine eligibility for benefits. Indeed, this particular plan wholly fails to comply with § 1102(b)(3)'s requirement to include a procedure governing amendment of the plan. Thus, there is no basis for concluding that the purported grant of discretion in the SPD is a procedurally proper amendment of the policy, and therefore "the policy's failure to grant discretion results in the default *de novo* standard." Jobe, 598 F.3d at 486. "Consequently, the district court should not have reviewed the administrator's decision for abuse of discretion but, rather, should have reviewed it *de novo*." Id.

The district court's failure to apply the correct standard of review requires us to remand this case because the "district court is the proper forum to conduct the appropriate *de novo* review in the first instance." Id. "As the more deferential discretionary standard of review could have affected any facet of the district court's analysis, we are far from certain the district court would have arrived at the same conclusions applying a *de novo* standard of review." Id. (citing Wallace v. Firestone Tire & Rubber Co., 882 F.2d 1327, 1330 (8th Cir. 1989)).

## III

We reverse the judgment of the district court and remand this case for further proceedings, including a *de novo* review of Prudential's decision to deny Ringwald's claim for long-term disability benefits.

_____