Mary **INGORVAIA**, Plaintiff,

v.

**RELIASTAR LIFE INSURANCE COMPANY et al.,**
Defendants.

**Case No. 12cv333 DMS (MDD).**

United States District Court,
S.D. California.

May 14, 2013.

---

Brent Dorian Brehm, Glenn R. Kantor, Kantor & Kantor, LLP, Northridge, CA, for Plaintiff.

Bradley J. Betlach, Nilan Johnson Lewis PA, Minneapolis, MN, Cooper W. Collins, Murchison & Cumming, Santa Ana, CA, for Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO ESTABLISH ERISA STANDARD OF REVIEW

DANA M. SABRAW, District Judge.

In this action for review of termination of Plaintiff's long term disability benefits, Defendants filed a motion to establish the applicable standard of review under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendants argue that an abuse of discretion standard applies. Plaintiff filed an opposition arguing the applicable standard is *de novo*, and Defendants replied. With leave of Court, Plaintiff filed a sur-reply. For the reasons stated below, Defendants' motion is denied.

Denial of benefits under an ERISA plan "is reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits...." *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Defendants bear the burden of proving the plan's grant of discretionary authority. *Thomas v. Or. Fruit Products Co.,* 228 F.3d 991, 994 (9th Cir.2000). It is undisputed the only document conferring discretionary authority is the Summary Plan Description ("SPD"). Defendants argue this is sufficient to warrant discretionary review.

SPDs "provide communication with beneficiaries *about* the plan, but ... their statements do not themselves consti-

tute the *terms* of the plan...." *CIGNA Corp. v. Amara*, 563 U.S. ——, 131 S.Ct. 1866, 1878, 179 L.Ed.2d 843 (2011) (emphases in original). Defendants must show the SPD's grant of discretion is a term of the plan. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1131 (10th Cir.2011) (SPD can be a part of the plan); *see also Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1143 (9th Cir. 2002) (pre-*Amara*). "Courts construe ERISA plans, as they do other contracts, by looking to the terms of the plan as well as to other manifestations of the parties' intent." *U.S. Airways, Inc. v. McCutchen*, —— U.S. ——, 133 S.Ct. 1537, 1549, 185 L.Ed.2d 654 (2013).

■ According to Defendants, the Group Policy and the plan booklet, which includes the certificate of insurance and the SPD, are the relevant plan documents.[1] (Aff. of Praxedes "Ditas" Taylor at 2.) The plan booklet makes clear the governing document is the Group Policy:

> All benefits are controlled by the terms and conditions of the Group Policy. [¶] ... The certificate summarizes and explains the parts of the group policy which apply to you. This certificate is not an insurance policy. In any case of differences or errors, the Group Policy rules.

(Docket no. 25 (Administrative Record ("AR")) at RS000636.) Consistently, the Group Policy contains an integration clause:

> ENTIRE CONTRACT, CHANGES
> The Group Policy includes—
> —Part A. General Provisions,
> —Part B. The Insured's Benefits Section and the provisions of the Certificate which are made a part of that section, [¶] ...

> This Group Policy may be changed at any time by written agreement between ReliaStar and the Policyholder. No change in this Group Policy is valid unless it is ... approved and signed by one of ReliaStar's designated corporate officers or an Assistant Secretary and it is either endorsed on or attached to the Group Policy....

(Second Aff. of Mary Kay Racette at RS001563.) Defendants do not contend the Group Policy has been amended to confer discretionary authority, but argue the SPD's grant of authority provision is a part of the Group Policy. Part B of the Group Policy incorporates specified provisions of listed certificates:

> The provisions listed below, contained in the Certificate(s) issued under this Group Policy for the Class of Employees specified in the Certificate Index, are made part of this Group Policy.

(*Id.* at RS001569.) Included in the list is Certificate No. B–6260 (7–05), referring to Full–Time Employees of Saddleback Memorial Medical Center. (*Id.*) This is the plan booklet referenced by Defendants. (AR at RS000632–61). Part B also lists the provisions of each certificate which are incorporated into the Group Policy. Those provisions are titled Schedule of Benefits, Employee's Insurance, Disability Income Insurance, Claim Procedures, General Provisions, and Definitions. (Second Aff. of Mary Kay Racette at RS001569.) Although the SPD is included in the plan booklet, it is contained in its own provision, which is not listed among the provisions incorporated into the Group Policy. (*Cf. id.* & AR at RS000633 (plan booklet table of contents).)

■ While it is possible for an ERISA plan to incorporate an SPD and its terms,

---

1. The Group Policy was submitted for the first time with Defendants' reply.

see, e.g., *Franks v. Aetna Life Ins. Co.*, 2012 WL 5372578 *4 (N.D.Cal. Oct. 30, 2012), where the SPD is not incorporated, or the plan is not otherwise amended to include the SPD's terms, the SPD's terms are not binding, *see Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1161–62 (9th Cir.2001); *see also Schwartz v. The Prudential Ins. Co. of Am.*, 450 F.3d 697 (7th Cir.2006). The only evidence that the SPD is a part of Defendants' ERISA plan is the plan administrator's say so. (Aff. of Praxedes "Ditas" Taylor at 2.) This is insufficient in the absence of a clear statement in the plan documents. *Eugene S.*, 663 F.3d at 1131.

Defendants rely on *Langlois v. Metropolitan Life Insurance Company*, 833 F.Supp.2d 1182 (N.D.Cal.2011), and *Gonzales v. Unum Life Insurance Company of America*, 861 F.Supp.2d 1099 (S.D.Cal. 2012) (Battaglia, J.), both of which are distinguishable. In *Langlois,* the SPD included a provision that its terms were intended to be legally enforceable. *See* 833 F.Supp.2d at 1185–86. This is not present in Defendants' SPD. In *Gonzales,* the governing plan document (the policy), contained a provision conferring discretionary authority. 861 F.Supp.2d at 1108–09. By contrast, in this case, the governing document (the Group Policy) does not include the provision. When the plan does not confer discretion, *de novo* review applies. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir.2006) (*en banc*). Accordingly, Defendants have not met their burden to establish that the applicable standard is abuse of discretion.

Because the provision conferring discretionary authority is not incorporated into the ERISA plan, Defendants' motion is

denied. Termination of Plaintiff's benefits is reviewed *de novo.*

**IT IS SO ORDERED.**

