# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2645

_____

Vicki Johnson

*Plaintiff - Appellee*

v.

United of Omaha Life Insurance Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 14, 2014
Filed: December 30, 2014

_____

Before SMITH, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

United of Omaha Life Insurance Company (United) appeals the district court's grant of summary judgment to Vicki Johnson in her action filed pursuant to the Employee Retirement Income Security Act (ERISA) seeking reversal of United's denial of long-term disability benefits. We disagree with the district court's grant of summary judgment to Johnson and now reverse.

I.

From May 1995 until February 2009, Johnson worked for Colorado Real Estate and Investment Company (Colorado Real Estate). In the last three years of her employment, Johnson worked as a Rent Roll Specialist. In this position, Johnson worked from home and was responsible for administering the rent roll for approximately 2,000 home sites and assisting in the collection of rent. Johnson described her job as "basically 8 hours a day in front of a computer." Colorado Real Estate described Johnson's job as "clerical" and categorized the position as "sedentary." Johnson was covered under a United disability insurance policy purchased by Colorado Real Estate for its employees.

Prior to her resignation in 2009, Johnson began suffering from various medical conditions. In 1999, she was diagnosed with fibromyalgia. In 2004, she underwent neck surgery to repair nerve injuries. On February 26, 2009, the day she resigned, Johnson visited Dr. Cheryl MacDonald, her primary care physician. Dr. MacDonald took Johnson's blood pressure and diagnosed Johnson with (1) anxiety and depression and (2) fibromyalgia and chronic pain. Johnson completed a short-term disability form, claiming disability based on "severe depression/anxiety" and "fibromyalgia & pain syndrome." Dr. MacDonald completed an Attending Physician's Statement in support of Johnson's short-term disability claim and indicated that Johnson suffered from depression, anxiety attacks, and fibromyalgia. Johnson continued to see Dr. MacDonald, with visits on March 23, 2009; June 19, 2009; October 12, 2009; and June 22, 2010.

On April 13, 2009, United informed Johnson that it was denying her application for short-term disability because the documentation from Dr. MacDonald did not support Johnson's alleged impairments. Johnson appealed, and her application was referred to a United-employed doctor. That doctor reviewed Johnson's medical records in connection with her short-term disability claim,

including records from Dr. MacDonald as well as documents from Dr. John McClellan, an orthopedic surgeon who performed spinal surgery on Johnson in 2004. Based on the recommendations of the United doctor, United denied Johnson's appeal of the denial of short-term disability benefits.

In October 2009, Johnson filed for long-term disability benefits. Dr. MacDonald examined Johnson and completed a Long Term Disability Claim Physician's Statement in support of Johnson's application. On that statement, Dr. MacDonald imposed the following limitations: lifting no more than 15 pounds; no pushing, pulling, leaning, or reaching; no sitting or standing for any length of time; and walking for no more than an hour a day. Dr. MacDonald listed Johnson's primary diagnosis as depression and chronic pain syndrome.

After extensive review of Johnson's claim and medical records by several United employees, including medical professionals, United denied the claim for long-term disability. With the help of legal counsel, Johnson appealed. A United medical professional recommended Johnson's claim be reviewed by an external orthopedic surgeon. United referred Johnson's file and medical records to Dr. James Boscardin, an orthopedic surgeon. Dr. Boscardin determined that, although Johnson experienced chronic pain associated with her neck and spine, Johnson's complaints were "self-reported" and not supported by "conclusive, objective evidence." For instance, Dr. Boscardin noted Johnson's "physical exam does not reveal any specific atrophy, loss of strength, or sensation abnormalities" and Johnson's "Imaging Studies are not specific to explain her ongoing complaints." Also, he noted, "[t]he medication and its ingestion also leaves me unsettled in that someone complaining of pain at eight to ten level is not requiring a greater degree of medication." Dr. Boscardin concluded he did not believe Johnson "can't work with a computer, cannot stand for any length of time, and can sit for only one hour a day," and he found Johnson's medical records "do not support significant functional limitation beyond a sedentary level."

After a United medical professional approved Dr. Boscardin's report, the report was submitted to Dr. McClellan, Johnson's surgeon, for his review and opinion. Dr. McClellan responded that he "[o]verall" agreed with the medical opinions expressed by Dr. Boscardin, but Dr. McClellan did not answer whether he agreed with Dr. Boscardin's opinions concerning Johnson's work capacity and physical limitations. United denied Johnson's appeal of the denial of her application for long-term disability, finding the medical information did not support a functional impairment that would prevent her from performing the duties of her occupation as a rent roll specialist.

Johnson initiated this action under ERISA seeking judicial review of United's administrative decision denying Johnson long-term disability benefits. United moved for summary judgment and Johnson also moved for summary judgment or, alternatively, for judgment on the administrative record. The district court denied United's motion for summary judgment and granted Johnson's motion for summary judgment. The district court found that the policy did not give discretion to United to construe the terms of the plan, and therefore, de novo review was appropriate. Further, the district court determined de novo review would be warranted due to procedural irregularities in the processing of Johnson's short-term and long-term disability claims. Although it determined it could apply de novo review, the district court chose instead to use the abuse-of-discretion standard and found there was no reasonable basis for United's denials of Johnson's claims. The district court found that United, in relying solely on Dr. Boscardin's findings, ignored Johnson's allegations of fibromyalgia and mental illness. Thus, the district court concluded, United abused its discretion because it failed to consider Johnson's condition as a whole when it denied Johnson's claims for disability. The district court later awarded $22,096.60 in attorney's fees to Johnson.

II.

United appeals the district court's grant of summary judgment to Johnson and its subsequent award of attorney's fees.  In this appeal, we are required to address two principal arguments:  (1) what was the appropriate standard of review for the district court to use when reviewing United's administrative action, and (2) under that standard of review, did the district court err in granting summary judgment to Johnson?

A.

The district court generally reviews a plan administrator's denial of ERISA benefits de novo.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  But if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," id., the district court reviews a plan administrator's denial of ERISA benefits for an abuse of discretion  See Tussey v. ABB, Inc., 746 F.3d 327, 333 (8th Cir.), cert. denied, 135 S. Ct. 477 (2014).  Whether an ERISA plan confers discretionary authority is a question we review de novo.  See Walke v. Grp. Long Term Disability Ins., 256 F.3d 835, 839 (8th Cir. 2001).  Even where the administrator has discretionary authority, however, application of the de novo standard might apply when there was (1) a serious procedural irregularity which (2) caused a serious breach of the plan administrator's fiduciary duty.  See Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998) (abrogated in part by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 115-17 (2008)).[1]  We must determine the appropriate standard of review for the district court

[1]As we recognized recently, "[o]ur circuit has not definitively resolved the impact of Glenn on the 'procedural irregularity component of the Woo sliding scale approach.'"  Waldoch v. Medtronic, Inc., 757 F.3d 822, 830 n.3 (8th Cir. 2014) (quoting Wrenn v. Principal Life Ins. Co., 636 F.3d 921, 924 n.6 (2011)).  As discussed below, "[w]e need not resolve this issue here because [Johnson] has failed

to apply because that standard affects our review. See Ravenscraft v. Hy-Vee Emp. Benefit Plan & Trust, 85 F.3d 398, 402 (8th Cir. 1996). "When the district court has conducted a de novo review of an ERISA fiduciary's denial of benefits, we review the [district] court's findings of fact under our customary clearly erroneous standard." Donatelli v. Home Ins. Co., 992 F.2d 763, 765 (8th Cir. 1993). When the district court reviews the administrator's decision for an abuse of discretion, we conduct de novo review of the district court's decision, meaning we also review the administrator's decision for an abuse of discretion. See Tussey, 746 F.3d at 333.

The district court suggested de novo review was proper for two reasons: first, the policy did not give discretion to United to construe the terms of the plan, and second, there were significant procedural irregularities in the processing of Johnson's claims for short-term and long-term disability. We reject both conclusions. Accordingly, application of the abuse-of-discretion standard was proper for review of United's denial of Johnson's long-term disability claim.

As to the first finding, the district court concluded, and Johnson argues on appeal, that the grant of discretion appearing only in the Summary Plan Description (SPD) was insufficient to vest discretion in United. In reaching this conclusion, the district court relied on our decisions in Jobe v. Medical Life Insurance Co., 598 F.3d 478 (8th Cir 2010) and Ringwald v. Prudential Insurance Co. of America, 609 F.3d 946 (8th Cir. 2010). This case is distinguishable from Jobe and Ringwald.

In Jobe, "[t]he policy [was] silent regarding the plan administrator's discretion to determine eligibility for plan benefits, while the summary plan description purport[ed] to grant such discretion." 598 F.3d at 481. We recognized a conflict between the policy and the SPD as to the question of discretion. Id. at 483. We reasoned an employee could "look back to the policy and conclude—justifiably—that

_____

to establish that any procedural irregularities exist in this case." Id.

the administrator possessed no discretion to interpret the policy and no entitlement to deferential review." Id. at 484. Thus, we rejected a rule "that the summary plan description always prevails over the policy." Id. Instead, we held that courts should give the language of the policy and SPD a "'common and ordinary meaning'" and "construe the documents 'as a reasonable person in the position of the [plan] participant, not the actual participant, would have understood the words.'" Id. at. 485 (quoting Barker v. Ceridian Corp., 122 F.3d 628, 632 (8th Cir. 1997)). In Ringwald, a decision that shortly followed Jobe, we reiterated our holding in Jobe, concluding that because "there are no terms in the plan which allow it to be amended by inserting into the SPD such critical provisions as the administrator's discretionary authority to interpret the plan or to determine eligibility for benefits," de novo review was appropriate. 609 F.3d at 949.

Critical to the holdings of Jobe and Ringwald was the court's inquiry into what "a reasonable person in the position of the [plan] participant . . . would have understood the words" of the policy and plan documents to mean. See Jobe, 598 F.3d at 485 (internal quotation marks omitted). Unlike the policy and SPD in Jobe, there is no conflict here because a reasonable participant would have read the policy to have integrated the SPD along with the discretionary statement contained therein. The face of the policy in this case states, "[t]he Certificate of Insurance . . . is made a part of the Policy." The SPD was included in the Certificate of Insurance as the final part of the consecutively-paginated booklet. Also, the SPD states on its face that "[t]his Certificate is Your ERISA Summary Plan Description for the insurance benefits described herein." Thus, a reasonable participant would understand that the policy had integrated the Certificate of Insurance along with the included SPD into the policy itself. The SPD contains a clause granting to United "the discretion and the final authority to construe and interpret the Policy," including "the authority to decide all questions of eligibility." Accordingly, we reject the district court's expanded reading of Jobe, and we conclude that under the policy and the integrated

Certificate of Insurance, discretion was granted to United to determine eligibility for benefits.

The district court also held, even if the plan granted discretion to United, procedural irregularities warranted the application of de novo review. Johnson has failed to show that there were any serious procedural irregularities with the processing of her claims. "The procedural error must leave 'the court with serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim.'" Waldoch, 757 F.3d. at 831 (quoting Buttram v. Cent. States, Se. & Sw. Areas Health & Welfare Fund, 76 F.3d 896, 900 (8th Cir. 1996)). The district court found the procedural irregularities in this case to include "lost or misplaced medical records, fail[ure] to timely process the claims, fail[ure] to resubmit additional evidence to a physician for review, and generally [giving] Johnson and her counsel 'the run-around.'"[2] (Order, Doc. 56, at 28 n.10.) These alleged procedural irregularities would not have changed the outcome, nor do the alleged irregularities "trigger a total lack of faith in the integrity of the decision making process." Layes v. Mead Corp., 132 F.3d 1246, 1251 (8th Cir. 1998) (internal quotation marks omitted). Therefore, we reject the district court's finding of procedural irregularities.

B.

Having determined the abuse-of-discretion standard was the appropriate standard for the district court to apply, we now review United's decision for an abuse of discretion. See Tussey, 746 F.3d at 333. Under this standard, "we will uphold

---

[2]The district court conflated the review process for Johnson's short-term disability and long-term disability when it found procedural irregularities in United's consideration of Johnson's claims of physical pain. However, Johnson sought judicial review only of the denial of her long-term disability. Thus we do not consider any alleged irregularities pertaining only to the denial of short-term disability.

[United's] decision to deny benefits if it is reasonable." Maune v. Int'l Bhd. of Elec. Workers, Local No. 1 Health & Welfare Fund, 83 F.3d 959, 963 (8th Cir. 1996). "We measure reasonableness by whether substantial evidence exists to support the decision, meaning more than a scintilla but less than a preponderance." Wakkinen v. UNUM Life Ins. Co. of Am., 531 F.3d 575, 583 (8th Cir. 2008) (internal quotation marks omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." McGee v. Reliance Standard Life Ins. Co., 360 F.3d 921, 924 (8th Cir. 2004). "If substantial evidence supports the decision, it should not be disturbed even if a different, reasonable interpretation could have been made." Id.

We hold that United's decision to deny long-term disability benefits to Johnson was based on substantial evidence, and thus the decision must be upheld. Evidence in the record shows that, despite receiving a diagnosis of fibromyalgia in 1999 and undergoing neck surgery in 2004, Johnson did not receive any medical treatment for these conditions from January 1, 2005, until February 26, 2009, the day she quit her job. Additionally, although Dr. MacDonald, Johnson's treating physician, diagnosed Johnson with anxiety and depression, Johnson concedes that depression is not the reason she resigned from her job. While Dr. MacDonald opined that Johnson had certain physical limitations, Dr. MacDonald's determination of the extent of those limitations was reached without the benefit of objective medical testing. Also, Dr. Boscardin, the orthopedic surgeon who reviewed Johnson's medical records, determined that although Johnson had physical impairments, there was no objective medical evidence to support the limitations suggested by Dr. MacDonald. "[United] was not obligated to accord special deference to the opinion of Dr. [MacDonald], the treating physician, over the conflicting opinion of Dr. [Boscardin], the reviewing physician." McGee, 360 F.3d at 925 (citing Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003), for the proposition that "the 'treating physician' rule does not apply to disability determinations under employee benefits plans covered by ERISA"). Perhaps most telling is that United submitted Dr. Boscardin's findings to

-9-

Dr. McClellan, Johnson's neck surgeon, who responded, "Overall, I agree with Dr. Boscardin's opinion." In light of this evidence and subject to the deference owed to United's decision, we hold that the denial of long-term benefits was supported by substantial evidence.

## C.

In light of his holding, we vacate the district court's grant of attorney's fees to Johnson. See Dillard's Inc. v. Liberty Life Assurance Co. of Boston, 456 F.3d 901, 903 (8th Cir. 2006) (vacating district court's award of attorney's fees and costs).

## III.

Accordingly, we reverse the district court's grant of summary judgment to Johnson and direct entry of judgment in favor of United. We vacate the award of attorney's fees.

_____