# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1539

_____

MBI Energy Services

*Plaintiff - Appellee*

v.

Robert Hoch

*Defendant - Appellant*

Charles Kannebecker, as a stakeholder; Law Office of Charles Kannebecker, LLC, as a stakeholder

*Defendant*s

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 12, 2019
Filed: July 3, 2019

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Robert Hoch appeals the district court[1] order granting summary judgment to MBI Energy Services, denying Hoch's motion for partial summary judgment, and dismissing his counterclaims. We affirm.

Hoch was a member and beneficiary of a self-funded employee benefit plan ("the Plan") sponsored and administered by MBI. The Plan provided Hoch $68,210.38 in medical benefits after he was injured in an accident. He also reached a settlement with the tortfeasor responsible for his injury and received compensation from the tortfeasor's insurer. Because Hoch was compensated twice for his injury, MBI brought suit seeking reimbursement of the benefits it paid him under the Plan. MBI eventually reduced its original claim of $68,210.38 by one-third to $45,473.59 to offset the attorneys' fees Hoch incurred in achieving his settlement.

Hoch denied that the Plan authorized reimbursement and also brought a counterclaim alleging that MBI acted improperly by initially seeking reimbursement of the full $68,210.38. The district court granted summary judgment to MBI, and it denied Hoch's motion for partial summary judgment and dismissed his counterclaim. Hoch appealed.

We first consider whether MBI was entitled to summary judgment on its reimbursement claim. We review a district court's grant of summary judgment *de novo* and may affirm on any ground supported by the record. *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

The Employee Retirement Income Security Act of 1974 ("ERISA") mandates that every employee benefit plan "be established and maintained pursuant to a written instrument" that "provide[s] for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). Each plan must also

> (1) provide a procedure for establishing and carrying out a funding policy and method consistent with the objectives of the plan and the requirements of [ERISA],
>
> (2) describe any procedure under the plan for the allocation of responsibilities for the operation and administration of the plan . . . ,
>
> (3) provide a procedure for amending such plan, and for identifying the persons who have authority to amend the plan, and
>
> (4) specify the basis on which payments are made to and from the plan.

*Id.* § 1102(b). ERISA further requires that participants and beneficiaries be given a "summary plan description." *Id.* § 1022(a). The summary plan description "shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." *Id.*

ERISA allows a fiduciary such as MBI to bring an action for equitable relief to enforce the terms of an employee benefit plan. *See id.* § 1132(a)(3). But Hoch argues that the Plan's terms do not authorize MBI to seek reimbursement of the benefits it paid him. We must therefore determine whether the Plan authorizes MBI to seek reimbursement following Hoch's settlement recovery.

As we have observed, "[I]dentifying 'the plan' is not always a clear-cut task." *Admin. Comm. of Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Gamboa*,

479 F.3d 538, 542 (8th Cir. 2007). "[O]ften the terms of an ERISA plan must be inferred from a series of documents none clearly labeled as 'the plan.'" *Id.* (alteration in original). Here, there is no written instrument clearly identifying itself as the Plan, but MBI entered an agreement authorizing Blue Cross Blue Shield of North Dakota ("BCBSND") to provide administrative services to the Plan. This Administrative Services Agreement ("ASA") states that the Plan "provides, among other things, various benefits to Members in the Plan, as set forth in the attached Exhibit 'A,'" and that "[r]equests for Plan benefits will be evaluated by [BCBSND] in accordance with the terms and conditions of the Plan, a copy of which is attached as Exhibit 'A.'" Exhibit A is entitled "Summary Plan Description" ("SPD") and includes the information required by § 1102(b), including comprehensive information concerning benefits.

The SPD also includes a provision entitled "Rights of Subrogation, Reimbursement and Assignment," which is the subject of this appeal. This provision requires a Plan member to "reimburse the Claims Administrator on behalf of the Group to the full extent of any benefits paid by the Claims Administrator, not to exceed the amount of the recovery," if the member "makes any recovery from a third party." Hoch maintains that this reimbursement provision is not binding because it is found only in the SPD, which he argues is distinct from and cannot constitute the Plan. *See* 29 U.S.C. § 1022(a) (requiring a summary plan description to "reasonably apprise such participants and beneficiaries of their rights and obligations *under the plan*" (emphasis added)). MBI counters that, despite its label, the terms of the SPD in fact comprise the Plan.

We previously addressed this question in *Gamboa*, which rejected the argument that a summary plan description cannot serve as a plan. In that case, as in this one, a beneficiary received benefits under an ERISA plan and also recovered a settlement with a third party. *Gamboa*, 479 F.3d at 540. The plan sought reimbursement, but the district court found that the reimbursement provision was not an enforceable part

-4-

of the plan because it was contained only in a summary plan description that was not identified as a formal plan document. *Id.* at 540-41, 543. We reversed the district court's judgment because the summary plan description was the only document providing an identifiable source of plan benefits. *Id.* at 544. We rejected as "nonsensical . . . an interpretation that renders no plan at all under the terms of ERISA" and concluded that "the label of summary plan description . . . is not dispositive. . . . Where no other source of benefits exists, the summary plan description *is* the formal plan document, regardless of its label." *Id.*

Hoch argues that our holding in *Gamboa* is contrary to the Supreme Court's subsequent decision in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011). In *Amara*, the district court found that CIGNA Corporation's representations to beneficiaries regarding changes it made to its benefit plan violated ERISA, and the court reformed the plan's terms. *Id.* at 424-25. The Supreme Court held that ERISA did not authorize the district court to provide relief that altered a plan's terms in this manner. *Id.* at 436. The Solicitor General suggested that the altered terms were nonetheless enforceable because they were consistent with terms contained in the summary plan descriptions, and the Supreme Court addressed whether the summary plan descriptions were part of the plan. *Id.* at 437.

The Court concluded that the terms of the summary plan descriptions were not part of the plan. *Id.* It reasoned that summary plan descriptions "provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan." *Id.* at 438. Three factors drove the Court's analysis. First, the language of the statutory text mandating that summary plan descriptions apprise beneficiaries of their rights and obligations "under the plan" indicated that "the information *about* the plan provided by those disclosures is not itself *part of* the plan." *Id.* at 437. Second, ERISA's division of authority between a plan's sponsor (responsible for creating a plan's terms) and the plan's administrator (responsible for managing the plan and providing the summary plan descriptions)

meant that treating a summary plan description as part of the plan would give the administrator the power to set terms that should be set by the sponsor. *Id.* Third, construing summary plan descriptions as legally binding parts of a plan could lead administrators to favor legalese over "clear, simple communication," defeating the purpose of such summaries. *Id.* at 437-38.

While *Amara* undermines parts of *Gamboa*'s reasoning, *see, e.g.*, 479 F.3d at 544 ("[W]e have held that the terms of a summary plan description prevail even if they conflict with the provisions of a formal plan . . . ."), it does not address the question we decided in *Gamboa*: whether, in the absence of any other plan document providing benefits, the summary plan description could constitute the plan. Thus, because *Amara* "rests in important part upon the circumstances present" in that case (namely that there was both a plan document and a summary plan description) that are not present here (where the SPD is the only benefit-providing Plan document), *Gamboa* remains binding law in this circuit. *See Amara*, 563 U.S. at 425. Indeed, several other circuit courts have considered this question and concluded that *Amara* does not prevent a summary plan description from functioning as the plan in the absence of a formal plan document. *Mull for Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1209-10 (9th Cir. 2017); *Rhea v. Alan Ritchey, Inc. Welfare Benefit Plan*, 858 F.3d 340, 344-45 (5th Cir. 2017); *Bd. of Trs. v. Moore*, 800 F.3d 214, 219-21 (6th Cir. 2015); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1131-32 (10th Cir. 2011). Thus, applying *Gamboa*, we hold that the SPD is the Plan's written instrument because it is the only document providing benefits.

Hoch nevertheless contends that a pair of Eighth Circuit decisions decided after *Gamboa* prevents MBI from relying on the SPD's reimbursement provision. *See Jobe v. Med. Life Ins. Co.*, 598 F.3d 478 (8th Cir. 2010); *Ringwald v. Prudential Ins. Co. of Am.*, 609 F.3d 946 (8th Cir. 2010) (applying *Jobe*). In *Jobe*, the summary plan description granted discretionary authority to the plan administrator, but such a grant did not appear in the plan itself. 598 F.3d at 480. Recognizing a conflict between the

-6-

two documents, we held that a provision appearing in the summary plan description alone was not sufficient to confer such discretionary authority. *Id. at* 483-84. But as *Jobe* recognized, in *Gamboa* there was no such conflict: "The summary plan description was the only plan document providing health benefits." *Id.* at 482. Hoch claims there is a conflict between the ASA and the SPD here and argues that the ASA should control. But the ASA is silent as to reimbursement and expressly incorporates the SPD, noting that it delineates "the terms and conditions of the Plan." Thus, there is no conflict between the two documents. *See Johnson v. United of Omaha Life Ins. Co.*, 775 F.3d 983, 988 (8th Cir. 2014) (concluding there was no conflict between two plan documents because the policy incorporated the summary plan description). As in *Gamboa*, the SPD must be the Plan because it is the only document that can plausibly serve this function.

To be sure, conflating a plan and a summary plan description risks undermining ERISA's goal that the summary plan description embody "clear, simple communication," *Amara*, 563 U.S. at 437, and we do not address whether this SPD meets all the requirements of § 1022. But the equities in this case buttress our conclusion that the reimbursement provision is enforceable. As we stated in *Gamboa*, "Having received medical benefits in accordance with the [summary plan description], we will not permit a participant to deny the corresponding responsibilities and obligations that are clearly imposed on the participant in the same document—what is good for the goose is good for the gander." 479 F.3d at 545. We likewise noted the importance of reimbursement in maintaining the "financial viability" of self-funded plans with limited resources. *Id.* at 545-46. Because the SPD is the Plan's written instrument and Hoch does not dispute that its reimbursement provision requires him to pay MBI if it is an enforceable part of the Plan, we affirm the district court's holding that MBI is entitled to reimbursement.

Hoch also appeals the district court's dismissal of his counterclaim. "We review *de novo* the district court's grant of a motion to dismiss, accepting as true all

factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

On appeal, Hoch appears to argue that by initially asserting a claim for $68,210.38 rather than $45,473.59, MBI unlawfully deprived him of the use of $22,736.79 and thus owes him interest and other relief. But in his brief in opposition to MBI's motion to dismiss before the district court, Hoch explained only how he was injured by being deprived of the $45,743.59. As we explained above, he was not entitled to this money. And because Hoch did not spell out his alternative theory and give the district court the opportunity to consider his arguments concerning the additional $22,736.79 initially claimed by MBI, we decline to take this issue up here. *See Mau v. Twin City Fire Ins. Co.*, 910 F.3d 388, 391 (8th Cir. 2018).

Finally, Hoch maintains in his reply brief that he is entitled to an array of equitable remedies for various ERISA violations committed by MBI. But he failed to meaningfully raise this issue in his opening brief, and we generally do not consider arguments made for the first time in a reply brief. *See Tension Envelope Corp. v. JBM Envelope Co.*, 876 F.3d 1112, 1120 (8th Cir. 2017).

For all these reasons, the district court's judgment is affirmed.

———————————————————