# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1210

_____

| | | |
|---|---|---|
| C. Michael Riddell, M.D., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Unum Life Insurance Company of | * | District of Arkansas. |
| America; Tenet Healthcare | * | |
| Corporation, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 15, 2006
Filed: August 10, 2006

_____

Before SMITH, HEANEY and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

C. Michael Riddell, M.D., appeals an adverse grant of judgment on the administrative record to his employer, Tenet Healthcare Corporation ("Tenet"), and the administrator of his long-term disability plan, Unum Life Insurance Company

of America ("Unum"), on his ERISA claim.  We affirm the judgment of the district court.[1]

## I.    BACKGROUND

Dr. Riddell participated in a long-term disability plan ("Plan") sponsored by Tenet under a policy issued by Unum.  The Plan is governed by the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*  The Plan contains a section entitled "How Much Will Unum Pay If You Are Disabled?" ("the 'Disabled' section") that provides a monthly benefits calculation based on "monthly earnings."  The Plan defines "monthly earnings" as follows:

> "Monthly Earnings" means your earnings from your Employer determined by dividing your annual benefits pay by 12. . . .  Monthly earnings includes your total income before taxes and any deductions made for pre-tax contributions to a qualified deferred compensation plan, Section 125 plan, or flexible spending account.  It does not include income received from commissions, bonuses, overtime pay, shift differential, any other extra compensation, or income received from sources other than your Employer.

In addition, the Plan defines the term "Employer" as "the Policyholder," in this case Tenet.  Meanwhile, a separate section of the Plan entitled "How Much Will Unum Pay If You Are Disabled and Working?" ("the 'Disabled and Working' section") provides a calculation that reduces the monthly benefit based on "monthly **disability earnings**." (Emphasis in Plan.)  "Disability earnings" is defined as  "the earnings which you receive while you are disabled and working . . . ."  The calculation includes an earnings threshold below which no reduction in the monthly benefit occurs. The "Disabled and Working" section also establishes a work-incentive period,

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

-2-

providing that the monthly benefit will in no case be reduced due to disability earnings during the first 12 months of employment.

Dr. Riddell was diagnosed with multiple sclerosis in1998 and made a claim for benefits under the Plan. Unum approved the claim. In 2000, Dr. Riddell began working part-time at the Arkansas Department of Health, earning an hourly wage plus additional "Certified Physician Pay" due to his board-certified professional status. During an internal review in 2003, Unum discovered that it had continued to pay full benefits to Dr. Riddell after the end of his work-incentive period, instead of offsetting his monthly benefit based on the amount of his disability earnings. After receiving further documentation from Dr. Riddell, Unum notified him in March 2004 that it had overpaid his benefits by a total of $38,014.77 since the end of his work-incentive period through December 2003 and that his monthly benefit would henceforth be calculated as described in the "Disabled and Working" section of the Plan. In May 2004, Unum began withholding a portion of Dr. Riddell's monthly benefit to recoup the overpayment. After receiving and reviewing Dr. Riddell's pay stubs for 2004, Unum recalculated the overpayment at $43,523.84 through June 2004.

In August 2004, Dr. Riddell notified Unum through counsel that he intended to challenge Unum's reduction of his monthly benefit on the basis that his income never exceeded the earnings threshold necessary for a reduction of the monthly benefit. However, Dr. Riddell did not at that time explain his reasoning. Unum responded that it would continue to withhold a portion of his monthly benefit to recoup the overpayment. In September 2004, Dr. Riddell argued to Unum that his "Certified Physician Pay" was a bonus that should not be included in his monthly earnings, finally bringing to the fore the dispute at the heart of this case. If the "Certified Physician Pay" is not considered part of Dr. Riddell's disability earnings, he does not exceed the earnings threshold at which a reduction of the monthly benefit would be triggered and, thus, qualifies for the full monthly benefit. If the "Certified

Physician Pay" is considered part of Dr. Riddell's disability earnings, however, he crosses the earnings threshold and receives only a reduced monthly benefit.

Unum rejected Dr. Riddell's argument. After exhausting his administrative remedies, Dr. Riddell filed suit in federal district court. All parties moved for judgment on the administrative record, and the district court granted judgment to Unum and Tenet. On appeal, Dr. Riddell renews his argument that the "Certified Physician Pay" is a bonus that should not be included in his earnings for the purpose of calculating his monthly benefit.

## II.    DISCUSSION

We treat the district court's grant of judgment on the administrative record as a form of summary judgment and review it de novo, "view[ing] the case from the same position as the district court." *Ferrari v. Teachers Ins. & Annuity Ass'n*, 278 F.3d 801, 805 (8th Cir. 2002). The Plan gives Unum the discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the Plan. Therefore, we review Unum's decision to reduce Dr. Riddell's monthly benefit for abuse of discretion, and we will not disturb Unum's interpretation of uncertain terms in the Plan if its interpretation is reasonable. *King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 998-99 (8th Cir. 2005) (en banc). Our analysis of the reasonability of Unum's interpretation is informed by the following factors:

> whether their interpretation is consistent with the goals of the Plan, whether their interpretation renders any language of the Plan meaningless or internally inconsistent, whether their interpretation conflicts with the substantive or procedural requirements of the ERISA statute, whether they have interpreted the words at issue consistently, and whether their interpretation is contrary to the clear language of the Plan.

*Id.* at 999 (quoting *Finley v. Special Agents Mut. Benefit Assoc., Inc.*, 957 F.2d 617, 621 (8th Cir. 1992)).

Dr. Riddell argues that the exclusion of bonus pay from the definition of "monthly earnings," as used in the "Disabled" section, also operates implicitly to exclude bonus pay from the definition of "disability earnings" as used in the "Disabled and Working" section that now determines his benefits. However, it is reasonable for Unum to interpret the Plan language to establish an independent definition of earnings for use in each section.

First, we examine the Plan language at issue. The phrase "monthly earnings" is used consistently in the formulae in the "Disabled" section, and the term "Monthly Earnings," in quotes, is defined at the end of that section. On the other hand, the first sentence of the "Disabled and Working" section uses the phrase "monthly **disability earnings**," with the bold type only on "disability earnings," and the remainder of the section uses the terms "disability earnings" and "monthly disability earnings" interchangeably. The term "disability earnings" is defined at the end of that section. The phrase "monthly earnings" appears nowhere in the "Disabled and Working" section. Despite the sometime use of the modifier "monthly" in front of the term "disability earnings," the clear language of the Plan suggests that "disability earnings" is defined independently from "monthly earnings." There is no dispute that Dr. Riddell's monthly benefit should be calculated as set forth in the "Disabled and Working" section.

Dr. Riddell asserts that Unum's use of two separate definitions of earnings renders the Plan internally inconsistent and violates ERISA's substantive requirements because it is likely to be misunderstood by the average plan participant, *see* 29 U.S.C. § 1022(a). We disagree. The separate definitions of earnings are plainly designed to meet separate purposes. The Plan's goal is to provide a disabled employee with a monthly payment to replace a percentage of the salary the employee would have earned from the sponsoring employer absent the disability. The exclusion of previously earned bonus pay from the calculation of "monthly earnings" serves this purpose because the employer presumably did not guarantee that future "bonuses"

would have been paid to the employee. If the disabled employee is subsequently able to find new gainful employment, the Plan envisions offsetting the full monthly payment by the amount of the employee's new income. Inclusion of all income actually received, including bonuses, in "disability earnings" serves this purpose.

Dr. Riddell characterizes Unum's choice of when to include bonus pay in an employee's earnings as unfair to the employee, but it would not necessarily be more fair to continue providing the employee with the full disability benefit after the employee finds new gainful employment. We will not compel the insurer to do so where the Plan language provides otherwise. The "dispositive principle remains . . . that where plan fiduciaries have offered a 'reasonable interpretation' of disputed provisions, courts may not replace [it] with an interpretation of their own—and therefore cannot disturb as an 'abuse of discretion' the challenged benefits determination." *King*, 414 F.3d at 999 (quoting *De Nobel v. Vitro Corp.*, 885 F.2d 1180, 1188 (4th Cir. 1989)) (alterations in original). We hold that Unum's interpretation of the Plan term "disability earnings" to include bonus pay is reasonable. Therefore, Unum did not abuse its discretion in reducing Dr. Riddell's monthly benefit based on his disability earnings.

## III.  CONCLUSION

Accordingly, we affirm the judgment of the district court.

_____