# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2229
_____

Mary Brazil

*Plaintiff - Appellant*

v.

Arkansas Department of Human Services; John Selig, Director, Department of Human Services; Andy Allison, Director of Division of Medical Services; Marilyn Strickland, Chief Operating Officer; Drenda Harkins, Assistant Director; Victor Sterling, Manager; Doug Nelson, Manager; Tracy Mitchell, Manager

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: April 11, 2018
Filed: June 12, 2018
_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

Mary Brazil alleges that her supervisors at the Arkansas Department of Human Services retaliated against her for filing a civil-rights lawsuit. With her retaliation claim pending, Brazil changed jobs and is now free of the conditions that caused her to sue. Because all that remains is a speculative possibility that Brazil will face

further retaliation, we vacate the district court's judgment, remand the case, and instruct the district court to dismiss her retaliation claim due to a lack of subject-matter jurisdiction.

## I.

Mary Brazil has spent over three decades working for the Arkansas Department of Human Services, initially as a typist and more recently as an administrative assistant. Brazil's work environment began to deteriorate in 2010 when a disagreement with her supervisor eventually led her to seek a transfer to another division. When she did not receive a transfer, she sued the Department and several of its officials for allegedly violating her civil rights, but none of her claims survived summary judgment.[1]

Brazil's work environment did not improve. Brazil believes that she received lower performance evaluations in retaliation for the lawsuit. Brazil's supervisors—Victor Sterling, Doug Nelson, and Tracy Mitchell—also reassigned her from performing traditional administrative-assistant tasks to working in a document-scanning room. The new assignment required heavy lifting, long periods of sitting, and repetitive activities. Though her official title remained the same, Brazil regarded the assignment as a demotion because it required manual labor and diminished her opportunities for promotion.

Brazil filed this lawsuit alleging retaliation and racial discrimination against the Department and her supervisors. Over a year into the litigation, Brazil changed positions. In her current job, Brazil reports to different supervisors and performs only administrative-assistant duties.

---

[1] *See Brazil v. Ark. Dep't of Human Servs.*, No. 4:13-CV-468-DPM, 2015 WL 1880096, at *3 (E.D. Ark. Apr. 23, 2015).

For its part, the district court dismissed all of Brazil's claims, except those against her former supervisors. For the remaining claims, the court concluded on summary judgment that Brazil had waived the race-discrimination claim and that the retaliation claim failed as a matter of law. Only Brazil's retaliation claim is currently before us on appeal.

II.

Article III of the Constitution limits the jurisdiction of federal courts to deciding only "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. A case or controversy must be present at the beginning of a lawsuit and must continue throughout. "[W]hen the issues presented are no longer live or the parties lack a cognizable interest in the outcome," a case or controversy under Article III no longer exists because the litigation has become moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). We have recognized, for example, that a party loses a cognizable interest when "changed circumstances already provide the requested relief and eliminate the need for court action." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004).

The circumstances have materially changed since Brazil first filed her lawsuit. In addition to her transfer, which placed her under the direction of different supervisors, the district court has narrowed the action. Early in the case, the court dismissed the claims against all but Brazil's former supervisors and separately concluded that Brazil had waived her race-discrimination claim. Brazil did not appeal either decision. For the lone claim remaining, one for retaliation against her former supervisors, Brazil now seeks only injunctive relief requiring the Department to transfer her to a suitable position under the direction of different supervisors.

-3-

She has already received what she seeks.  It is undisputed that she no longer works in the same division or for the same supervisors.  To be sure, a future transfer could land her back under the control of her former supervisors, who could then renew their retaliatory efforts.  But a speculative possibility of future harm is not enough to preserve a live case or controversy under Article III.  *Ashcroft v. Mattis*, 431 U.S. 171, 172 n.2 (1977) (per curiam).

To satisfy the case-or-controversy requirement, a plaintiff seeking injunctive relief to guard against future unlawful conduct must be under a "real and immediate threat of injury."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983); *see also Mosby v. Ligon*, 418 F.3d 927, 933 (8th Cir. 2005).  A "conjectural or hypothetical" possibility of future harm is insufficient.  *Lyons*, 461 U.S. at 102 (internal quotation marks and citation omitted).  We have applied this principle to situations similar to the one before us today.

For instance, we have held that an action seeking an injunction to alter prison conditions becomes moot once the plaintiff transfers to another facility.  *See Smith v. Hundley*, 190 F.3d 852, 855–56 (8th Cir. 1999); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  It makes no difference that it is theoretically possible that the plaintiff could return to the original facility and once again face the same conditions.  *Cf. McAlpine v. Thompson*, 187 F.3d 1213, 1217 (10th Cir. 1999) (holding that a claim for injunctive relief to change prison conditions is moot once an inmate is released even if it is theoretically possible that the inmate could violate supervised-release conditions and be returned to the same prison).  Similarly, a plaintiff who once had his car unlawfully impounded could not seek to enjoin an impoundment policy absent "evidence [of] a likelihood that he will be subjected [to it] in the future."  *Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir. 1994).  Even though there was no doubt that the plaintiff would continue to drive and could potentially have his car impounded again, we held that he had presented no more than "a speculative or hypothetical claim of future injury."  *Id.*

The possibility of future injury is just as speculative and hypothetical in this case, and perhaps even more so. Brazil transferred to a different division almost two years ago and no longer reports to any of the supervisors from whom she seeks relief. Only a far-fetched sequence of events could lead to additional harm of the sort the injunction seeks to prevent. The supervisors would need to resume managing her work, decide to retaliate against her for the unsuccessful lawsuit she filed in 2013, and follow through with additional retaliatory actions. *Cf. Lyons*, 461 U.S. at 106 (recounting the highly unlikely sequence of events that would have to occur for the plaintiff to once again encounter the chokehold policy he challenged). Nothing in the record suggests that these events will unfold.[2] Because Brazil is under no "real and immediate" threat of future retaliation, her claim for prospective injunctive relief is moot. *Lyons*, 461 U.S. at 102; *see also Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (en banc) ("If an issue is moot in the Article III sense, we have no discretion and must dismiss [it] for lack of jurisdiction.").

III.

We vacate, remand, and instruct the district court to dismiss Brazil's retaliation claim due to a lack of subject-matter jurisdiction.

———————————————————

[2]Indeed, Brazil's counsel conceded at oral argument that "at this point, there is no prospective injunctive relief that would be sufficient for her." Oral Argument Recording at 2:02–2:12, available at http://media.ca8.uscourts.gov/cgi-bin/oaByCase.pl?caseno=17-2229&getOA=Search.